UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAUL MENDOZA,<br><br>             Plaintiff,<br><br>v.<br><br>LEHIGH HANSON HEIDELBERG CEMENT GROUP,[1]<br><br>             Defendant. | Case No.: 11-CV-01286-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND |

Plaintiff Saul Mendoza brings suit against Defendant Lehigh Hanson Heidelberg Cement Group[1] under Title VII of the U.S. Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* alleging workplace discrimination on the basis of race, gender, national origin and physical disability. Defendant moves to dismiss on the grounds that Plaintiff failed to comply with multiple administrative filing deadlines. Plaintiff, who is *pro se*, failed to oppose Defendant's motion. Pursuant to Civil Local Rule 7-1(b), the Court finds this motion appropriate for

---

[1] Defendant notes that its true name is Lehigh Southwest Cement Company. *See* Defendant's Request for Judicial Notice ("Def. RJN") at 1. As Defendant has not argued that the mistake resulted in any prejudice, Plaintiff may amend his complaint to include his opponent's proper name. *See, e.g.*, *U.S. v. Edwards*, 241 F.R.D. 146, 149 (E.D.N.Y. 2007) ("It is readily apparent that the plaintiff named and served the correct garnishee in its initial application, and merely made a mistake as to that entity's legal name. The plaintiff should therefore be permitted to amend its application in order to reflect the correct legal name of the garnishee.").

1

Case No.: 11-CV-01286-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

determination without oral argument and vacates the September 29, 2011 motion hearing. The September 29, 2011 Case Management Conference is continued to December 14, 2011 at 2 P.M. For the reasons discussed below, Defendant's motion to dismiss is GRANTED WITH LEAVE TO AMEND.

## I. BACKGROUND

Plaintiff's sparsely drafted complaint provides little factual background. Plaintiff began working for Defendant in "late 2001/early 2002." Complaint ("Compl.") at 4. Approximately six months later, "the derogatory comments began...when others realized [Plaintiff] didn't speak English that well and that [he] was from another country." *Id.* Plaintiff complained to his supervisor, who did not take any action. *Id.* Instead, Plaintiff alleges that his supervisor wrote him up for "what Mr. Jery Alvarez call [sic] a snitch." *Id.* In addition, he was told "if you ever leave anything (any job) incomplete I will right [sic] you up and you can only get three right ups to get fire [sic]." *Id.*

On April 14, 2008, Plaintiff was injured on the job and placed on "restricted work." *Id.* He claims that his co-workers and his supervisor "harassed" him, called him "derogatory names" and made "derogatory comments about [his] physical disability." *Id.* In addition, his supervisor did not respect his "work limitations." *Id.* On May 10, 2008, Plaintiff was "forced to do work beyond restrictions and suffered a re-injury." *Id.* Plaintiff's doctor approved his return to work on "light duty," but Defendant "still failed to respect [his] work limitations." *Id.* He was injured for a third time on June 22, 2009, and has "not been able to work since then." *Id.*

On June 7, 2010, Plaintiff filed a complaint against Defendant with the California Department of Fair Employment and Housing ("DFEH"). *See* Def. RJN, Ex. 1 (Complaint of Discrimination Under the Provisions of the California Fair Employment and Housing Act) at 5.[2] The DFEH complaint alleges that "on, about or before 9/01/2009" Plaintiff suffered , among other

---

[2] The Court takes judicial notice of Plaintiff's administrative filings, but does not accept the allegations contained within as true. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 (9th Cir. 2004) (The Court "may take judicial notice of a record of a state agency not subject to reasonable dispute.").

things, harassment on the basis of gender, race, national origin, disability, and as retaliation for requesting accommodation. *Id.* The same day, DFEH issued a Notice of Case Closure letter addressed to Plaintiff. *See id.* at 8.[3] The notice provides:

> If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30 days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Plaintiff did not file charges with the EEOC until "about" January 17, 2011. Compl. 3.[4] On January 19, 2011, Plaintiff filed a second DFEH complaint against Defendant and several individual supervisors containing allegations substantially similar to those included in his initial DFEH complaint. *See* Def. RJN, Ex. 2 (Complaint of Discrimination Under the Provisions of the California Fair Employment and Housing Act). Shortly thereafter, the EEOC issued a Notice-of-Right-to-Sue letter, which Plaintiff received on or about January 28, 2011. Compl. 3.[5] Plaintiff filed the instant action on March 17, 2011. He alleged discriminatory conduct on the basis of race, gender, national origin and physical disability occurring from "March 2002 - June 2009." Compl. ¶ 5.

## II. LEGAL STANDARD

---

[3] The letter notes that Plaintiff's complaint was "closed effective June 07, 2010 because an immediate right-to-sue notice was requested." *Id*.

[4] The EEOC complaint appears to have been filed on Jan. 25, 2011. *See* Def. RJN, Ex. 3 (Charge of Discrimination).

[5] Defendant has provided a DFEH letter dated Jan. 28, 2011 noting that the EEOC referred Plaintiff's complaint to the state agency, granting Plaintiff the right to sue under *state* law, and stating that "questions about the right to file under federal law should be referred to the EEOC." *See See* Def. RJN, Ex. 3 (Charge of Discrimination); *see also* 42 U.S.C. 2000e-5(c) (the EEOC may not begin its administrative processes until a chance to remedy the situation has been given to the state or local agency). Plaintiff has not provided a federal right-to-sue letter, and it is not clear he received one. However, while failure to receive an EEOC notice would generally preclude an action in this Court "where, as here, a plaintiff is entitled to receive a right-to-sue letter from the EEOC, a plaintiff may proceed absent such a letter, provided she has received a right-to-sue letter from the appropriate state agency." *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1105 (9th Cir. 2008).

3
Case No.: 11-CV-01286-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND

Dismissal under Fed. R. Civ. P. 12(b)(6) "is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Medical Center,* 521 F.3d 1097, 1104 (9th Cir. 2008). For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen,* 395 U.S. 411, 421 (1969). On the other hand, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted). A court need not accept as true conclusory allegations, unreasonable inferences, legal characterizations, or unwarranted deductions of fact contained in the complaint. *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-755 (9th Cir. 1994). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not 'show[n]'- 'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 129 S.Ct. 1949, 1590 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

Leave to amend must be granted unless it is clear that the complaint's deficiencies cannot be cured by amendment. *Lucas v. Department of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995). When amendment would be futile, however, the Court may dismiss the case with prejudice. *Dumas v. Kipp,* 90 F.3d 386, 393 (9th Cir. 1996).

### III.  DISCUSSION

#### A. Plaintiff's Untimely Filing of the EEOC Complaint

A person seeking relief under Title VII in federal court must first file a charge with the EEOC. *See* 42 U.S.C. § 2000e-5(e)(1); *Surrell v. Cal. Water Serv.*, 518 F.3d 1097, 1104 (9th Cir. Cal. 2008). Where the aggrieved person initially instituted proceedings with a state or local administrative agency, the EEOC charge must be filed within 300 days of the alleged "unlawful employment practice." *Id.* If the claim is premised on a hostile work environment rather than a discrete act, the unlawful employment practice occurs when "the employer has engaged in enough activity to make out an actionable hostile environment claim." *Nat'l R.R. Passenger Corp. v.*

4

1  *Morgan*, 536 U.S. 101, 117 (2002); *see also Frazier v. Delco Elecs. Corp.*, 263 F.3d 663, 666 (7th

2  Cir. 2001) ("[A] violation of Title VII that is based on a claim of harassment by a coworker doesn't

3  occur until the employer has failed to take reasonable steps to bring the harassment to an end.").  In

4  order for the charge to be timely, the employee need only file a charge "within 300 days of any act

5  that is part of the hostile work environment."  *Nat'l R.R. Passenger Corp.*, 536 U.S. at 117.

6      Here, Plaintiff's allegations are best understood as a claim that between March 2002 and

7  June 2009, Defendant facilitated a hostile work environment by failing to take reasonable steps to

8  curb harassment by co-workers and neglecting Plaintiff's health-related work restrictions.

9  Assuming that the alleged unlawful conduct occurred through June 30, 2009, the 300-day

10  limitations period required Plaintiff to file a charge with the EEOC on or before April 26, 2010.

11  Plaintiff's complaint alleges that his EEOC charge was filed on or about January 17, 2011, some

12  566 days after the occurrence of the purported unlawful conduct.  Accordingly, Plaintiff's federal

13  claims are presumptively time-barred.

14      Plaintiff has put forth no facts suggesting that equitable tolling or estoppel may apply in this

15  case.  Equitable tolling under Title VII is appropriate where there is "excusable ignorance of the

16  limitations period and a lack of prejudice to the defendant," or where "the danger of prejudice to

17  the defendant is absent, and the interests of justice [require relief]."  *Forester v. Chertoff*, 500 F.3d

18  920, 929 (9th Cir. 2007).  Defendant, appearing to anticipate an equitable tolling claim, argues that

19  the issuance of the June 7, 2010 DFEH Notice of Closure, which explicitly referenced the 300-day

20  window, should imply that Plaintiff had actual knowledge of the limitations period.  *See* Motion to

21  Dismiss the Complaint with Prejudice ("MTD") at 2-3.  While the agency's issuance of the letter

22  may be sufficient to imply that Plaintiff received it, *see Payan v. Aramark Management Services*

23  *Ltd. Partnership*, 495 F.3d 1119, 1126 (9th Cir. 2007) (adopting a rebuttable presumption that an

24  addressee receives a Right-to-Sue letter three days after it is mailed), that fact alone is not enough

25  to justify dismissal with prejudice at this stage.  Because it is conceivable that Plaintiff could

26  identify a specific basis for equitable tolling, particularly given that he is proceeding *pro se*, the

27  complaint will be dismissed with leave to amend.

28

## IV. CONCLUSION

Accordingly, the Court will GRANT Defendant's motion to dismiss with leave to amend as specified above. Plaintiff shall file an amended complaint, if any, within twenty-one (21) days of this Order. Plaintiff should note that failure to file and serve a timely amended complaint risks dismissal of this action with prejudice. The motion hearing currently scheduled for September 29, 2011 is vacated. The September 29, 2011 Case Management Conference is continued to December 14, 2011 at 2 P.M.

**IT IS SO ORDERED.**

Dated: September 26, 2011



LUCY H. KOH
United States District Judge