UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SAUL MENDOZA,<br><br>               Plaintiff,<br>v.<br><br>LEHIGH SOUTHWEST CEMENT COMPANY,<br><br>               Defendant. | Case No.: 11-CV-01286-LHK<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT WITH PREJUDICE |

Before the Court is Defendant Lehigh Southwest Cement Company's ("Defendant") motion to dismiss Plaintiff's first amended complaint. ECF No. 24. Pursuant to Civil Local Rule 7-2(b), the Court finds this motion appropriate for determination without oral argument. Accordingly, the hearing on the motion set for May 3, 2012, is hereby VACATED. Having considered the parties' submissions and the relevant law, the Court GRANTS Defendant's motion to dismiss with prejudice for the reasons explained below.

**I.    Procedural and Factual Background**

**A.    Procedural Background of this Federal Court Action**

On March 17, 2011, Plaintiff, proceeding *pro se*, filed suit against Defendant under Title VII of the U.S. Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, alleging workplace discrimination on the basis of race, gender, national origin, and physical disability. Compl. ¶¶ 5,7, ECF No. 1. On September 26, 2011, the Court granted Defendant's

1

motion to dismiss Plaintiff's original complaint on the basis that Plaintiff's claims were "presumptively time-barred" for failure to file his EEOC charge within 300 days of the alleged unlawful employment practice. ECF No. 20, at 4-5 (citing 42 U.S.C. § 2000e-5(e)(1)). However, the Court gave Plaintiff leave to amend the complaint to "identify a specific basis for equitable tolling." *Id.* at 5.

On October 6, 2011, Plaintiff filed his first amended complaint ("FAC"). ECF No. 21. In addition to alleging additional facts to support equitable tolling, Plaintiff alleged causes of action for "Disability Discrimination, Harassment, Punishment, Mislead [sic], Accomplishment and Negligence." ECF No. 21. Defendant moved to dismiss Plaintiff's FAC on October 24, 2011. ECF No. 24. Plaintiff filed an opposition on November 4, 2011. ECF No. 25. Plaintiff also filed a declaration in support of his opposition. ECF No. 26.[1] Finally, on November 14, 2011, Defendant filed a reply. ECF No. 28.

### B. Factual Background

The Court summarizes the facts underlying Plaintiff's Title VII claim and administrative exhaustion from the Court's September 26, 2011 Order granting Defendant's motion to dismiss. To the extent the FAC provides greater specificity or is inconsistent with the original complaint, the Court supplements the factual summary of Plaintiff's Title VII claim and administrative exhaustion with facts pled in the FAC. Finally, the Court recites the newly pled facts relevant to the equitable tolling of Plaintiff's claims. The Court takes the facts as pled to be true for purposes of ruling on Defendant's motion to dismiss. *Marceau v. Blackfeet Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008).

#### 1. Alleged Discriminatory Conduct

Plaintiff began working for Defendant as a machinist-operator on March 18, 2002. FAC

---

[1] "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the Complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss." *See Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) (emphasis in original; citations omitted). However, a court may consider factual allegations outside of the complaint in determining whether to grant leave to amend. *See Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003). Accordingly, the Court does not consider Mr. Mendoza's declaration in ruling on the merits of Defendant's motion to dismiss.

2
Case No.: 11-CV-01286-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

2:9-10. Approximately six months later, "the derogatory comments began . . . when others realized [Plaintiff] didn't speak English that well and that [he] was from another country." Compl. 4:7-8. Plaintiff complained to his supervisor, who did not take any action. *Id.* at 4:8-9. Instead, Plaintiff alleges that his supervisor wrote him up for "what Mr. Jery Alvarez call [sic] a snitch." *Id.* at 4:10. In addition, Plaintiff was told "if you ever leave anything (any job) incomplete I will right [sic] you up and you can only get three right ups to get fire [sic]." *Id.* at 4:11-12.

On April 14, 2008, Plaintiff was injured on the job and placed on "restricted work." *Id.* at 4:2-3. He claims that his co-workers and his supervisor "harassed" him, called him "derogatory names," and made "derogatory comments about [his] physical disability." *Id.* at 4: 1-3. In addition, his supervisor did not respect his "work limitations." *Id.* at 4:3. On May 10, 2008, Plaintiff was "forced to do work beyond restrictions and suffered a re-injury." *Id.* at 4:3-4. Plaintiff's doctor approved his return to work on "light duty," but Defendant "still failed to respect [his] work limitations." *Id.* at 4:4-5. He was injured for a third time on June 22, 2009, and has "not been able to work since then." *Id.* at 4:6.

### 2.  Administrative Exhaustion

On June 7, 2010, Plaintiff filed a complaint against Defendant with the California Department of Fair Employment and Housing ("DFEH"). *See* Def.'s RJN Ex. 1 ("Complaint of Discrimination Under the Provisions of the California Fair Employment and Housing Act"), ECF No. 11-1, at 5.[2] The DFEH complaint alleges that "on, about or before 9/01/2009" Plaintiff suffered, among other things, harassment on the basis of gender, race, national origin, disability, and as retaliation for requesting accommodation. *Id.* The same day, DFEH issued a Notice of Case Closure letter addressed to Plaintiff. *See id.* at 8.[3] The notice provides:

> If a federal notice of Right-To-Sue is wanted, the U.S. Equal Employment Opportunity Commission (EEOC) must be visited to file a complaint within 30

---

[2] As stated in the Court's September 26, 2011 Order granting defendant's motion to dismiss, the Court takes judicial notice of Plaintiff's administrative filings, but does not accept the allegations contained within as true. *See City of Sausalito v. O'Neill*, 386 F.3d 1186, 1223 (9th Cir. 2004) (The Court "may take judicial notice of a record of a state agency not subject to reasonable dispute.").

[3] The letter notes that Plaintiff's complaint was "closed effective June 07, 2010 because an immediate right-to-sue notice was requested." *Id.*

3
Case No.: 11-CV-01286-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

days of receipt of this DFEH *Notice of Case Closure* or within 300 days of the alleged discriminatory act, whichever is earlier.

Plaintiff did not file charges with the EEOC until "about" January 17, 2011. Compl. 3.[4]  On January 19, 2011, Plaintiff filed a second DFEH complaint against Defendant and several individual supervisors containing allegations substantially similar to those included in his initial DFEH complaint. *See* Def.'s RJN Ex. 2 (Complaint of Discrimination Under the Provisions of the California Fair Employment and Housing Act), ECF No. 11-2, at 4.  Shortly thereafter, the EEOC issued a Notice-of-Right-to-Sue letter, which Plaintiff received on or about January 28, 2011.  Compl. 3.

### 3.    Equitable Tolling

Plaintiff alleges that at "the beginning of year 2010," he went to speak to the Human Resources Supervisor, Mr. Ronald Plocky, to see if Mr. Plocky could do something for Plaintiff regarding Plaintiff's lack of medication.  FAC 4:12-14.  Mr. Plocky instructed Plaintiff, in writing, to "[c]all and make an appointment with a Hospital practitioner;" not to "mention this is work related;" to "take [the] denial letter with [him] from Liberty Mutual Insurance;" and that if Plaintiff had "any problems" to "have them call Monica at Kaiser occupational Medicine." *Id.* at 4:13-18.  Plaintiff followed Mr. Plocky's instructions, but "did not get any treatment." *See id.* at 4:20-21.

After being denied treatment in early 2010, Plaintiff "started looking for a [sic] Attorney" to represent him in his "Disability Discrimination" matter. *Id.* at 4:21-23.  On January 4, 2010, Plaintiff signed a contingency fee agreement and retained Mr. Jacob Whitehead from Hallstrom, Clein & Ward LLP, located in Irvine, California. *Id.* at 4:26-5:3.  Plaintiff sent Mr. Whitehead documents and made phone calls to Mr. Whitehead "to ask him how he was doing with the case." *Id.* at 5:5.  In one of these calls, at least six months after Plaintiff retained Mr. Whitehead, Mr. Whitehead informed Plaintiff that Mr. Whitehead "was planning to file a lawsuit on the six digits against" Defendant. *See id.* at 5:3-7.  Plaintiff did not hear from Mr. Whitehead again until December 14, 2010, when

---

[4] The EEOC complaint appears to have been filed on January 25, 2011. *See* Def.'s RJN Ex. 3 (Charge of Discrimination), ECF No. 11-3, at 4.

4

Case No.: 11-CV-01286-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

he "received a letter document from the Law firm where they had decided to terminate their services pursuant to [their] agreement." *Id.* at 5:7-9.

Plaintiff knew that, as of December 14, 2012, he "did not have time to surge [sic] for other Attorney, so [he] started on his own." *Id.* at 5:11-12. Plaintiff states: "First I went to file a complaint at the Department of Fair Employment and Housing, than [sic] this Department, sends me to make the Complaint to the U.S. Equal Opportunity Employment Commissioner. And I was given the right to sue letter to go file at UNITED STATES DISTRICT COURT. Plaintiff believes files were done within time, and that this [sic] Employment Agencies name above knew I had been Discriminated." *Id.* at 5:12-17.

Plaintiff also alleges that he was "pressured to settle [his workers' compensation claim]" because the offer of settlement he received contained an "attempt to prosecution." *Id.* at 7:12-14. Plaintiff attached to his amended complaint an unsigned letter on "Amos, Dittrich & Ushana, Attorneys at Law" letterhead dated May 13, 2011. *Id.* at 27. The letter states: "The other problem for you [in this case] comes from remarks by the defense attorney that the insurance company is attempting to have you prosecuted for fraud. . . . Settling the workers' compensation case in this manner will significantly lessen the likelihood of a criminal prosecution." *Id.*

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the

5

1     pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul*

2     *Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Moreover, *pro se*

3     pleadings are to be construed liberally. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982)

4     (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

5             Nonetheless, the Court need not accept as true allegations contradicted by

6     judicially noticeable facts, and the "[C]ourt may look beyond the plaintiff's complaint to

7     matters of public record" without converting the Rule 12(b)(6) motion into one for

8     summary judgment. *Shaw v. Hahn*, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995), *cert. denied*,

9     516 U.S. 964 (1995); *see Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980

10    (9th Cir. 2002). Nor is the Court required to "'assume the truth of legal conclusions

11    merely because they are cast in the form of factual allegations.'" *Fayer v. Vaughn*, 649

12    F.3d 1061, 1064 (9th Cir. 2011) (quoting *W. Mining Council v. Watt*, 643 F.2d 618, 624

13    (9th Cir. 1981)). Mere "conclusory allegations of law and unwarranted inferences are

14    insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th

15    Cir. 2004) (internal quotation marks and citations omitted); *accord Iqbal*, 129 S.Ct. at

16    1950.

17            The Ninth Circuit has observed that "[g]enerally, the applicability of equitable

18    tolling depends on matters outside the pleadings, so it is rarely appropriate to grant a Rule

19    12(b)(6) motion to dismiss . . . if equitable tolling is at issue." *Huynh v. Chase*

20    *Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006) (citations omitted). Thus, in the

21    Ninth Circuit, "'[a] complaint cannot be dismissed unless it appears beyond doubt that

22    the plaintiff can prove no set of facts that would establish the timeliness of the claim.'"

23    *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir.

24    2010) (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir.

25    1995)). A Rule 12(b)(6) motion to dismiss on statute of limitations grounds may be

26    granted "only if the assertions of the complaint, read with the required liberality, would

27    not permit the plaintiff to prove that the statute was tolled." *Morales v. City of L.A.*, 214

28    F.3d 1151, 1153 (9th Cir. 2000); *see also Cervantes v. City of San Diego*, 5 F.3d 1273,

6

1   1277 (9th Cir. 1993) (holding that a motion to dismiss on statute of limitations grounds
2   should not be granted if "the complaint, liberally construed in light of our 'notice
3   pleading' system, adequately alleges facts showing the potential applicability of the
4   equitable tolling doctrine.").

5         Generally, when a complaint is dismissed, "leave to amend shall be freely given
6   when justice so requires." *Carvalho v. Equifax Info. Servs.*, *LLC*, 629 F.3d 876, 892 (9th
7   Cir. 2010); *see* Fed. R. Civ. P. 15(a). This is particularly true where the plaintiff is
8   proceeding *pro se*. *See Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).
9   Nonetheless, leave to amend may be denied if allowing amendment would unduly
10  prejudice the opposing party, cause undue delay, or be futile. *Leadsinger, Inc. v. BMG
11  Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). In addition, a motion to dismiss based
12  on time bars may be granted without leave to amend where the face of the complaint
13  establishes "facts that foreclose[ ] any showing of reasonable diligence." *Von Saher*, 592
14  F.3d at 969 (discussing *Orkin v. Taylor*, 487 F.3d 734, 742 (9th Cir. 2007)). Finally, the
15  Court's "'discretion to deny leave to amend is particularly broad where plaintiff has
16  previously amended the complaint.'" *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys.,
17  Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) (quoting *Ascon Props., Inc. v. Mobil Oil Co.*,
18  866 F.2d 1149, 1160 (9th Cir. 1989)). Indeed, repeated failure to cure a complaint's
19  deficiencies by previous amendment is reason enough to deny leave to amend.
20  *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (citing *Foman v.
21  Davis*, 371 U.S. 178, 182 (1962); *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th
22  Cir. 1990)).

23      **III.    Analysis**

24        Defendant argues that Plaintiff's Title VII claim is time-barred and that Plaintiff
25  fails to allege specific facts that could form the basis for equitable estoppel or equitable
26  tolling. Defendant also argues that Plaintiff's FAC improperly adds new causes of
27  action. The Court discusses Plaintiff's Title VII claim first before addressing Plaintiff's
28  new causes of action.

1        The Court begins its analysis with the only claim asserted in the original
2   complaint, which the Court construed to be a hostile work environment claim under Title
3   VII. ECF No. 20, at 5. As the Court explained in its September 27, 2011 Order granting
4   Defendant's first motion to dismiss, Plaintiff filed his EEOC charge "some 566 days after
5   the occurrence of the purported unlawful conduct," long after the 300-day limitations
6   period under 42 U.S.C. § 2000e-5(e)(1). Thus, the Court concluded that Plaintiff's Title
7   VII claim was "presumptively time-barred." *Id.*
8        Defendant's only asserted reason to dismiss Plaintiff's Title VII claim is that the
9   claim is time-barred and that Plaintiff may not avail himself of the equitable estoppel and
10  equitable tolling doctrines. Mot. 6. The Court discusses these equitable doctrines in turn.

### A. Equitable Estoppel

12       Defendant argues that "not a single allegation raised in the Complaint or the
13  Amendment to Complaint remotely suggests that Defendant interfered in any way with
14  any right Plaintiff might have to file a timely charge with the EEOC." Mot. 3. Plaintiff
15  does not make any arguments as to how any new factual allegations could form the basis
16  for equitable estoppel. The Court agrees with Defendant that Plaintiff has failed to plead
17  a basis for equitable estoppel.
18       "Equitable estoppel focuses primarily on the actions taken by the defendant in
19  preventing a plaintiff from filing suit . . . ." *O'Donnell v. Vencor Inc.*, 466 F.3d 1104,
20  1111 (9th Cir. 2006) (citing *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir.
21  2000)). "A finding of equitable estoppel rests on the consideration of a non-exhaustive
22  list of factors, including: (1) the plaintiff's actual and reasonable reliance on the
23  defendant's conduct or representations, (2) evidence of improper purpose on the part of
24  the defendant, or of the defendant's actual or constructive knowledge of the deceptive
25  nature of its conduct, and (3) the extent to which the purposes of the limitations period
26  have been satisfied." *Id.*
27       Plaintiff does plead new facts relating to Defendant's actions, but Plaintiff does
28  not plead that any of those actions prevented him from timely filing suit. First, Plaintiff

8
Case No.: 11-CV-01286-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

alleges that Defendant's Human Resources Supervisor, Mr. Plocky, asked Plaintiff to represent to hospital staff that his workplace injuries were not work related. FAC 4:12-21. Plaintiff does not explain how this action, even if it had an improper purpose, prevented him from timely filing an EEOC charge. Second, Plaintiff alleges that in May 2011, Defendant improperly pressured Plaintiff to settle his workers' compensation claim by threatening criminal prosecution. FAC 7:12-27. Again, Defendant's pressure to settle in *May 2011*, even if it had an improper purpose, cannot possibly be the cause of Plaintiff's untimely filing of the EEOC charge five months before, *on January 17, 2011*. Accordingly, because Plaintiff failed to plead that Defendant's actions prevented him from timely filing his EEOC charge, Plaintiff cannot avail himself of the equitable estoppel doctrine.

### B. Equitable Tolling

Plaintiff argues that he is entitled to equitable tolling because he was prevented from timely filing the EEOC charge by his attorney's misconduct. Opp'n 2-3 (citing *Holland v. Florida*, 130 S.Ct. 2549, 2563 (2010); *Porter v. Ollison*, 620 F.3d 952, 960-962 (9th Cir. 2010)). Defendant argues that Plaintiff's cited cases, which apply equitable tolling in the context of habeas petitions, are inapposite in the context of Title VII cases. Reply 3. Even if *Holland* and *Ollison* did apply, however, Defendant contends that Plaintiff's diligence and the attorney misconduct alleged here are distinguishable from the facts in *Holland* and *Ellison*. Reply 4-5. Defendant also argues that Plaintiff is not entitled to equitable tolling because: (1) Plaintiff had actual and constructive knowledge of the 300-day filing deadline for the EEOC charge; (2) Plaintiff was represented by counsel, which precludes equitable tolling; and (3) Defendant would be prejudiced if Plaintiff's claims were tolled. Mot. 4-5.

As an initial matter, the Court disagrees with Defendant that *Holland* and *Ellison* are inapposite merely because those cases involved petitions for habeas corpus petitions whereas this case involves Title VII. Other circuits have applied *Holland* in the Title VII context. *See, e.g.*, *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 973 (7th Cir. 2011). Moreover,

9
Case No.: 11-CV-01286-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1    the Ninth Circuit has applied equitable tolling precedents from the habeas context to Title
2    VII cases.  For example, the Ninth Circuit has applied the standard from a habeas case for
3    determining whether a party's mental incompetence warrants equitable tolling in a Title
4    VII case.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011) (citing *Bills*
5    *v. Clark*, 628 F.3d 1092, 1099 (9th Cir. 2010)).  Accordingly, the Court considers both
6    *Holland* and *Ellison.*

7    A party asserting equitable tolling must demonstrate that: (1) he has been diligent
8    in pursuing his rights, and (2) extraordinary circumstances prevented him from filing on
9    time.  *See Holland,* 130 S.Ct. at 2562 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418
10   (2005)); *accord Johnson*, 653 F.3d at 1010.  "The diligence required for equitable tolling
11   purposes is reasonable diligence, not maximum feasible diligence."  *Hall*, 130 S. Ct. at
12   2565 (internal citations and quotations omitted).  The equitable tolling doctrine is to be
13   applied sparingly and is reserved only for "extreme cases."  *Scholar v. Pac. Bell*, 963
14   F.2d 264, 267-68 (9th Cir. 1992) (noting equitable tolling may apply "when the EEOC's
15   notice of the statutory period is clearly inadequate") (citing *Irwin v. Dep't of Veterans*
16   *Affairs*, 498 U.S. 89, 96 (1990)); *see also Johnson*, 653 F.3d at1010 (noting that mental
17   incompetence can constitute "extraordinary circumstance") (citing *Bills v. Clark*, 628
18   F.3d 1092, 1099 (9th Cir. 2010); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999)).

### 1.     Extraordinary Circumstances

20   An attorney's ordinary negligence is generally not an "extraordinary
21   circumstance" warranting equitable tolling.  *See Irwin*, 498 U.S. at 96 (declining to apply
22   equitable tolling where petitioner alleged that he missed the filing deadline because his
23   attorney was absent from the office when the EEOC notice was received, because "the
24   principles of equitable tolling . . . do not extend to what is at best a garden variety claim
25   of excusable neglect").  However, "attorney misconduct" may "amount to egregious
26   behavior and create an extraordinary circumstance that warrants equitable tolling."
27   *Holland*, 130 S. Ct. at 2563-65 (finding that attorney conduct that violates "fundamental
28   canons of professional responsibility" and "seriously prejudice[d] a client" may constitute

1  "extraordinary circumstance").

2  Here, Plaintiff's FAC does not allege anything beyond mere "attorney
3  negligence," which is "not an extraordinary circumstance warranting equitable tolling."
4  *Holland*, 130 S. Ct. at 2566.  Plaintiff alleges that: (1) he retained an attorney on January
5  4, 2010; (2) Plaintiff repeatedly called his attorney "to ask him how he was doing with
6  the case;" and (3) sometime after Plaintiff's DFEH claim was filed on June 7, 2010, the
7  attorney expressed an intention to file a lawsuit against Defendant; and (4) Plaintiff did
8  not hear from his attorney again until December 14, 2010, when he received the letter
9  terminating the attorney-client relationship.  *See id.* at 4:12-5:12.  Plaintiff alleges that he
10 did not have time to search for another attorney, so he "started on his own."  *Id.* at 5:11-
11 12.

12 Unlike the petitioner in *Holland*, Plaintiff does not allege that any of his
13 attorney's actions violated the canons of professional responsibility.  Even if, reading the
14 facts in the light most favorable to Plaintiff, the attorney misrepresented that he intended
15 to file Plaintiff's lawsuit, when in fact he intended to terminate the attorney-client
16 relationship before filing suit, such misrepresentation occurred after June 7, 2010, more
17 than two months after the April 26, 2010 filing deadline.  Thus, any misrepresentation
18 could not have been an "extraordinary circumstance" that prevented Plaintiff from filing
19 his EEOC charge on time.

20 As of the April 26, 2010 filing deadline, the only attorney misconduct that can be
21 inferred from the FAC is Plaintiff's attorney's failure to meet the 300-day filing deadline.
22 However, "[a]ttorney negligence, including a miscalculation of a filing deadline, is not a
23 sufficient basis for applying equitable tolling . . . ."  *See Porter*, 620 F.3d at 959.  Thus,
24 Plaintiff has failed to plead that his attorney's conduct constituted an "extraordinary
25 circumstance" that prevented him from filing his EEOC charge on time.

26 Plaintiff requests that any dismissal be without prejudice because he can plead
27 further facts to support his contention that he was prevented from timely filing his EEOC
28 charge by his attorney's misconduct.  Opp'n 4.  Indeed, Plaintiff's declaration attached to

his opposition pleads additional facts supporting Plaintiff's allegation that his attorney's performance was deficient. Specifically, Plaintiff alleges that his attorney failed to return Plaintiff's phone calls and that the attorney's December 14, 2010 letter withdrawing from representation failed to advise Plaintiff that filing a complaint with the EEOC was a prerequisite to filing a discrimination claim. Mendoza Decl. ¶¶ 4, 5. The Court will not consider these additional facts in ruling on Defendant's motion to dismiss. Moreover, these additional facts would not change the Court's extraordinary circumstance analysis. The additional facts merely allege attorney negligence and do not explain Plaintiff's failure to meet the April 26, 2011 deadline. Even if Plaintiff could establish that his attorney's misconduct constituted an extraordinary circumstance, Plaintiff's Title VII claim would still be dismissed for failure to show reasonable diligence.

### 2. Reasonable Diligence

Plaintiff has not shown diligence in pursuing his Title VII rights. Plaintiff was represented by counsel between January 4, 2010 and April 26, 2010, the filing deadline for his EEOC charge. *See* FAC 5:3-8. Under Ninth Circuit law, a plaintiff can "be charged with constructive knowledge of the law's requirements, through her attorney, during the relevant period." *Johnson v. Henderson*, 314 F.3d 409, 417 (9th Cir. 2002); *see also Leorna v. United States Dep't of State*, 105 F.3d 548, 551 (9th Cir. 1997) (holding that "once a claimant retains counsel, tolling ceases because she has 'gained the means of knowledge of her rights and can be charged with constructive knowledge of her rights and can be charged with constructive knowledge of the law's requirements'") (internal citations omitted). Thus, Plaintiff had constructive knowledge of the April 26, 2010 EEOC filing deadline as early as January 4, 2010. However, Plaintiff has pled no facts that he was reasonably diligent between January 4, 2010, and the April 26, 2010 filing deadline.

Moreover, Plaintiff's June 6, 2010 DFEH complaint, which Plaintiff attaches to the FAC, afforded him clear and unambiguous notice of the 300-day filing requirement. FAC 29. By filing this form with DFEH, Plaintiff indicated his understanding of the

statutory requirement. *Id.* ("I understand that if I want a federal notice of right-to-sue, I must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within . . . 300 days of the alleged discriminatory act . . . ."). Thus, as of June 6, 2010, Plaintiff had actual notice of the need to file his EEOC charge within 300 days of the alleged discriminatory act. FAC 29. Yet Plaintiff alleges only that he repeatedly called his lawyer to "to ask him how he was doing with the case" and that Plaintiff waited until December 14, 2010, to "start on his own." A reasonable person in Plaintiff's shoes, with actual and constructive knowledge of the April 26, 2010 filing deadline, would have done more, such as retaining a new lawyer, sooner. Instead, Plaintiff waited until January 2011 to file his EEOC charge.

In sum, Plaintiff has failed to plead that he was reasonably diligent after receiving constructive knowledge of the April 26, 2010 filing deadline on January 4, 2010, or after receiving actual knowledge of the filing deadline on June 7, 2010. Thus, Plaintiff may not equitably toll his failure to timely file his EEOC charge. Accordingly, Plaintiff's Title VII claim is dismissed. The face of the complaint establishes "facts that foreclose[ ] any showing of reasonable diligence." *Von Saher*, 592 F.3d at 969. Moreover, Plaintiff's declaration does not indicate that he can plead additional facts to support reasonable diligence. Finally, the Court has already given Plaintiff leave to amend to plead a basis for equitable tolling, and he has failed to do so. Therefore, Plaintiff's Title VII claim is dismissed with prejudice. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (repeated failure to cure a complaint's deficiencies by previous amendment is reason enough to deny leave to amend).

### C. New Claims

Finally, the Court agrees with Defendant that Plaintiff may not raise additional claims in his FAC, namely claims for "Punishment, Mislead, Accomplishment and Negligence." FAC 1:22-23. The Court's September 27, 2011 Order authorized Plaintiff only to allege additional facts to "identify a specific basis for equitable tolling." ECF No.

13

1    20, at 5.[5]  The Court did not grant Plaintiff leave to allege additional claims against

2    Defendant.

3    Pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), a plaintiff may amend his complaint once "as a matter of course . . . within 21 days after service of the [answer] or 21 days after service of a motion under Rule 12(b) . . . whichever is earlier."  Here, Defendant filed its first 12(b)(6) motion on July 11, 2011.  Accordingly, the deadline for Plaintiff to amend "as a matter of course" was August 1, 2011.  Plaintiff did not file his FAC until October 6, 2011.  Accordingly, Plaintiff was not entitled to amend the complaint "as a matter of course."

Pursuant to Federal Rule of Civil Procedure 15(a)(2), other than amending "as a matter of course," a plaintiff may amend his complaint "only with the opposing party's written consent or the court's leave."  Here, Defendant did not consent to Plaintiff's additional claims, nor did the Court grant Plaintiff leave to add additional claims. Although the Court "should freely give leave when justice so requires," Plaintiff did not seek leave to add additional claims before filing his FAC.  Moreover, Plaintiff's opposition does not seek leave to add additional claims, nor does it oppose Defendant's argument that Plaintiff's additional claims were improper.

Furthermore, even if leave were granted, Plaintiff's new claims would be futile. "Punishment, Mislead, [and] Accomplishment" are not cognizable claims upon which relief can be granted.  Whereas negligence is a cognizable state law claim, in two complaints Plaintiff has failed to plead facts to support the elements of negligence: (a) defendant had a legal duty to use due care; (b) defendant breached that duty; and (c) the breach was the proximate cause of the resulting injury.  *Ladd v. Cty. of San Mateo*, 12 Cal.4th 913, 917 (1996).  Moreover, even if the negligence claim had been properly pled, because the Court dismisses Plaintiff's Title VII claim with prejudice, the Court would decline to exercise supplemental jurisdiction over Plaintiff's state law negligence claim

---

[5] The Court also gave Plaintiff leave to correct Defendant's name from "Lehigh Hanson Heidelberg Cement Group," to "Lehigh Southwest Cement Company," which Plaintiff did.  ECF No. 20, at 1 n.1.

14
Case No.: 11-CV-01286-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

pursuant to 28 U.S.C. § 1367(c). Accordingly, Plaintiff's newly asserted claims for "Punishment, Mislead, Accomplishment, and Negligence" are DISMISSED WITH PREJUDICE.

### IV. Conclusion

For the foregoing reasons, Plaintiff's FAC is DISMISSED WITH PREJUDICE. The Case Management Conference set for May 3, 2012, is hereby VACATED. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 1, 2012

_____
LUCY H. KOH
United States District Judge